UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BROWN, JR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF MORENO VALLEY POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | NO. EDCV 08-00292 ODW (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Walter Brown, Jr., ("Plaintiff"), a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") on March 7, 2008 against various defendants.  For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

\\

\\

\\

\\

\\

---

[1]   Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge.  <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff was previously arrested by the City of Moreno Valley Police Department ("MVPD") officers in Moreno Valley, California. (Complaint at 2).[2] (Complaint at 1). In the caption of the Complaint, Plaintiff names as defendants the MVPD, Officer Wolfe, Officer Mushinskie, Officer Wills, Doe Policymakers, Officer Koehler, and Doe Defendants. (Complaint at 1)(collectively "Defendants"). However, in the Jurisdiction section of the Complaint, Plaintiff fails to name the MVPD as a defendant. (See Complaint at 3-4a).[3] In addition, Plaintiff makes allegations of wrongdoing against the City of Moreno Valley which is neither named in the caption of the Complaint nor in the Jurisdiction section of the Complaint. (Complaint at 6). All Defendants named in the Jurisdiction section of the Complaint are sued in their official capacities. (Complaint at 3-4a). Defendants Wolfe, Mushinskie, Wills, and Koehler are also sued in their individual capacities. (Id.).

In his first claim for relief, Plaintiff contends that his constitutional rights were violated when the arresting officers from the MVPD "needlessly and unreasonably subject[ed] [Plaintiff] to the use of excessive and deadly force and threats of great bodily injury[.]" (Complaint at 5). He also alleges that he was arrested in a "brutal, terroristic [sic], verbally abusive and otherwise unreasonable

---

[2] Plaintiff is currently an inmate at Ironwood State Prison ("ISP") located in Blythe, California. (Complaint at 2).

[3] Page 4a refers to the pages inserted between pages 4 and 5 of the Complaint. Pages 5a through 5e refer to the pages inserted between pages 5 and six of the Complaint.

2

1  manner[,]" that officers "deliberately, knowingly, and/or negligently
2  fail[ed] to come to [Plaintiff's] aid[,]" and that Defendants
3  "[i]mplement[ed], maintain[ed] and tolerat[ed] policies, practices and
4  customs which resulted in the illegal action[.]" (<u>Id.</u>).

5

6      In his second claim for relief, Plaintiff alleges that the
7  Defendants "acted, assaulted and intimidated [Plaintiff], and otherwise
8  denied [him] the right to be free from the use of violence or threats
9  of violence against his person, because of [Plaintiff's] race, color and
10 national origin" in violation of California Civil Code section 51.7.
11 (Complaint at 6).   In his third claim for relief, Plaintiff makes a
12 "California common law negligence" claim.   (<u>Id.</u>).   Specifically, he
13 asserts that the City of Moreno Valley and the MVPD breached a duty of
14 care to the public by negligently employing "certain police officer
15 personnel" and that the city's and the police department's negligence
16 was the proximate cause of his injuries.   (<u>Id.</u>).

17

18                              **DISCUSSION**

19

20      When a plaintiff appears <u>in propria persona</u> in a civil rights case,
21 the court must construe the pleadings liberally and afford the plaintiff
22 the benefit of any doubt.   <u>Karim-Panahi v. Los Angeles Police Dep't.</u>,
23 839 F.2d 621, 623 (9th Cir. 1988).   In giving liberal interpretation to
24 a <u>pro se</u> complaint, the court may not, however, supply essential
25 elements of a claim that were not initially pled.   <u>Ivey v. Bd. of</u>
26 <u>Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).   A court
27 must give a pro se litigant leave to amend the complaint unless it is
28 "absolutely clear that the deficiencies of the complaint could not be

1   cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and
2   internal quotation omitted).

3

4       Under Federal Rule of Civil Procedure 12(b)(6), a trial court may
5   dismiss a claim sua sponte "where the claimant cannot possibly win
6   relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.
7   1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726
8   (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in Omar
9   and noting that such a sua sponte dismissal "is practical and fully
10  consistent with plaintiff's rights and the efficient use of judicial
11  resources"). The Court finds that the instant Complaint fails to state
12  a cognizable claim for relief against defendants Doe Policymakers, Doe
13  Defendants, City of Moreno Valley and Moreno Valley Police Department.

14

15  **A.   Plaintiff Fails To State A Claim Against Doe Policymakers and Doe**
16  **Defendants**

17

18      To demonstrate a civil rights violation a plaintiff must show that
19  the defendant's conduct caused a deprivation of the plaintiff's
20  constitutional or statutory rights. See 42 U.S.C. § 1983; Hydrick v.
21  Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). "[T]he requisite causal
22  connection can be established not only by some kind of direct personal
23  participation in the deprivation, but also by setting in motion a series
24  of acts by others which the actor knows or reasonably should know would
25  cause others to inflict the constitutional injury." Hydrick, 500 F.3d
26  at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).
27  The defendant's conduct can be an affirmative act, participation in
28  another's affirmative act, or failing to perform an act which the

4

1 defendant is legally required to perform.  Id.  "Although there is no

2 pure respondeat superior liability under § 1983, a supervisor is liable

3 for the constitutional violations of subordinates 'if the supervisor

4 participated in or directed the violations, or knew of the violations

5 and failed to act to prevent them.'"  Id. (quoting Taylor v. List, 880

6 F.2d 1040, 1045 (9th Cir. 1989)).

7

8      Here, Plaintiff's allegations, which relate to events that occurred

9 during his arrest, do not demonstrate personal participation by Doe

10 Policymakers or Doe Defendants.  Plaintiff alleges that the Doe

11 Defendants and Doe Policymakers knew about "deficient policies and

12 practices and customs" regarding unnecessary violence during arrests,

13 failure to discipline violent officers, failing to investigate

14 allegations of police misconduct, improperly training police officers,

15 discouraging the public from reporting police misconduct, and fostering

16 a code of silence among police officers.  (Complaint at 5d).

17 Plaintiff's allegations concerning the Doe Defendants and Doe

18 Policymakers' involvement in the deprivations of his constitutional

19 rights are vague and conclusory. As such, Plaintiff's allegations are

20 not sufficient to establish personal participation by either the Doe

21 Defendants or the Doe Policymakers in constitutional violations.  See

22 Ivey, 673 F.2d at 268 ("Vague and conclusory allegations of official

23 participation in civil rights violations are not sufficient to withstand

24 a motion to dismiss.").

25

26      Accordingly, Plaintiff's claims against the Doe Defendants and Doe

27 Policymakers are defective.  Though it appears unlikely that Plaintiff

28 can rectify the defects in his claims as asserted against the Doe

1   Defendants and Doe Policymakers, the Court nevertheless grants him leave
2   to amend the Complaint.[4]

4   **B.**   **Plaintiff Fails To State A Claim Against The Municipal Entity**
5   **Defendants**

7   Plaintiff seeks to impose liability pursuant to 42 U.S.C. § 1983
8   on the municipal entities of City of Moreno Valley and the MVPD.
9   (Complaint at 1, 5c).  When an individual sues a local government for
10  violation of his constitutional rights, the municipality is liable if
11  the individual can establish that the local government "had a deliberate
12  policy, custom, or practice that was the 'moving force' behind the
13  constitutional violation[s] he suffered."   Galen v. County of Los
14  Angeles, 477 F.3d 652, 667 (9th Cir.2007) (quoting Monell v. Dep't of
15  Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611
16  (1978)).   In Monell, however, the Supreme Court specifically rejected
17  governmental liability based on the doctrine of respondeat superior.
18  Monell, 436 U.S. at 691-94.

20  Here, Plaintiff alleges that officers used excessive force during
21  his arrest, that other officers failed to aid him, and that his
22  complaints about the police misconduct were ignored. (Complaint at 5-
23  5e).  Plaintiff alleges that the City of Moreno Valley and the MVPD had
24  policies, customs, or practices that facilitated the violation of
25  Plaintiff's constitutional rights.  (Complaint at 5c).  Insofar as

27  [4]   Plaintiff is advised that all "Doe" defendants must eventually
28  be named or else they will be subject to dismissal.  In any amended
complaint, Plaintiff should attempt to identify such parties.

6

Plaintiff is suing these municipalities, he must identify some official municipal policy pursuant to which the actions of the individual Defendants caused the injuries complained of. <u>Monell</u>, 436 U.S. at 690-91; <u>Christie v. Iopa</u>, 176 F.3d 1231, 1235 (9th Cir. 1999). Plaintiff is granted leave to do so. Accordingly, the Complaint is dismissed with leave to amend.[5]

## C.   Claims Against Defendants Wolfe, Wills, Koehler, And Minshinskie in Their Official Capacities Are Defective

Plaintiff is suing defendants Wolfe, Wills, Koehler, and Minshinskie pursuant to 42 U.S.C. § 1983, for violations of his civil rights in both their individual and official capacities. Official capacity claims are another way of pleading an action against an entity of which an officer is an agent. <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). Here, the entity that the officers represent is the City of Moreno Valley. If the municipal entity is named as a defendant, it is not only unnecessary and redundant to name an officer in his official capacity after being named in his personal capacity, but it is improper. <u>Luke v. Abbott</u>, 954 F. Supp. 202, 204 (C.D. Cal. 1997). Although Plaintiff did not properly name the City of Moreno Valley as a defendant in the Complaint, in the body of the complaint, Plaintiff alleges that the City of Moreno Valley violated his constitutional rights. If Plaintiff intends to proceed

---

[5]   To the extent that Plaintiff intended to allege <u>Monell</u> claims against Doe Policymakers and Doe Defendants, the claims are improper unless Doe Policymakers and Doe Defendants are municipal entities.

with this action, he may only sue individual officers under section 1983 in their <u>individual</u> capacities and he must properly name the City of Moreno Valley as a defendant.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which Defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as Defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint.

8

1    Plaintiff is explicitly cautioned that failure to timely file a
2 First Amended Complaint, or failure to correct the deficiencies
3 described above, will result in a recommendation that this action be
4 dismissed for failure to prosecute pursuant to Federal Rule of Civil
5 Procedure 41(b). Plaintiff is further advised that, if he does not wish
6 to pursue this action, he may voluntarily dismiss it by filing a notice
7 of dismissal in accordance with Federal Rule of Civil Procedure
8 41(a)(1). A sample notice is attached to this order as well.

9

10 DATED: April 7, 2008.

11

12                                    SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

FULL NAME

_____

COMMITTED NAME (if different)

_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER _____ <br> *To be supplied by the Clerk* |
| v. | |
| DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO** *(Check one)* <br> ☐ 42 U.S.C. § 1983 <br> ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☐ Yes   ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____ , _____ , _____ .
    (Claim I)              (Claim II)            (Claim III)

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than
        five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
                (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

2.   Defendant _____ resides or works at
                (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

3.   Defendant _____ resides or works at
                (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

4.  Defendant _____ resides or works at
                     (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
                     (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

<b>CLAIM I</b>

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
        *(Date)*                        *(Signature of Plaintiff)*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CASE NUMBER

Plaintiff(s),

v.

Defendant(s).

**NOTICE OF DISMISSAL PURSUANT
RULE 41(a) or (c) F.R.Civ.P.**

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is
dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

_____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim
brought by _____ .

The dismissal is made pursuant to Rule 41(a) or (c) of the Federal Rules of Civil Procedure.

_____
*Date*

_____
*Signature of Attorney/Party*

**NOTE:** *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for
summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive
pleading or prior to the beginning of trial.*